# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 249
### SOMERS v. WOODLAND REALTY CO.

Ohio Court of Appeals, Cuyahoga County
No. 4186. Feb. 19, 1923
This opinion has not been published except in Abstract.
**PROMISSORY NOTES — Ownership — Hypothesis not in the record, not considered.**

PER CURIAM:
Epitomized Opinion
Error to Cleveland Municipal Court

Somers brought suit against the defendant on a note, alleging to be its owner, and at the trial, produced the note, endorsed in blank, endorsed without resources, signed by the payer of the note.

The Court of Appeals states that it seems from the record, that Somers came into possession of the note through a deal, but after hearing the evidence, the court below had decided against him, upon the theory that he had failed to prove ownership. This was against the manifest weight of the testimony. Speaking further it says that there may be a real defense to the note, and inasmuch as Somers took it after maturity, if there be a defense, it is available as against him. The record discloses a situation whereby several hypothesis might be indulged in, but inasmuch as the record is silent on all of these, we think the judgment is manifestly against the weight of the testimony, and the judgment is reversed and remanded to the municipal court for re-trial.

Attorneys—White, Cannon & Spieth, for Somers; Bernsteen and Bernsteen, for Realty Co.

No. 250
### WEST. RESERVE GREENHOUSE Co. v LINDEN

Ohio Court of Appeals, Cuyahoga County.
No. 4257. March 5, 1923 .
This opinion has not been published except in Abstract
**AUTOMOBILE—(1) Respondeat Superior—Failure of evidence—(2) Rule as to directing verdict.**

PER CURIAM:
Epitomized Opinion
Error to Cuyahoga Common Pleas

1. Linden recovered judgment of $8,000, against the Greenhouse Co., in the court of common pleas. That court had refused to direct a verdict dismissing the case, at the close of plaintiff's testimony. This, it is claimed, was error. The only question raised before the Court of Appeals was whether or not the driver, at the time of the accident, was driving the machine on behalf of the company. The Appellate Court found that there was sufficient evidence, under the scintilla, to justify the submission of the case to the jury.

2. The court called attention of defendant's counsel to an error which had crept into his brief, with respect to the proposition that after the motion for a directed verdict was overruled, and defendant then having put in his testimony, could not avail himself of the right to have a motion to direct a verdict thereafter, suggesting that, if it should have been granted in the first place, it would have been the duty of the court to have granted it in the second place, and defendant's testimony did not alter the condition.

There being evidence before the jury which would compel the court to overrule the motion at the close of the plaintiff's testimony, it would not necessarily, but generally, prevent him from granting it at the close of all the testimony, if the motion was made in the instant case. It then becomes a question for the jury to weigh the facts from the evidence before it. It is clearly a jury question. The case having been submitted to the jury under a proper charge, to which there is no fault found, and no other question of error being raised, the Appellate Court refused to set aside the verdict, and reverse the case as against the evidence, and affirmed it.

Attorneys—Dowling, Dowling & Moriarty, for the Greenhouse Co.; A. C. Hasse, for Linden.

No. 251
### L. S. ELECTRIC R. CO. v. ROBBINS AND PAES

Ohio Court of Appeals, Cuyahoga County
No. 4249. March 5, 1923. No. 4248. March 5, 1923
This opinion has not been published except in Abstract.
**PREJUDICIAL ERROR—(1) Correction of mistake by court where it admits improper evidence—(2) Repetition of various parts of court's charge—(3) Setting aside verdict by reviewing court.**

PER CURIAM:
Epitomized Opinion

An action was brought in the common pleas against the Lake Shore Electric Railway Company by administratrix of Robins for wrongful death, and Oscar Paes for personal injuries growing out of a grade crossing accident. While Robbins and Paes were crossing a street car track, which crosses Lake road diagonally, their automobile was struck by a street car. No warning was given by the street car motorman. During the trial the court called the jury's attention to a statute governing steam railroads as to the blowing of a whistle and the ringing of a bell at highway crossings. Upon discovering the inapplicability of this statute to electric railways, the court later withdrew its charge from the jury's consideration, and instructed the jury to disregard it. At the close of the general charge, the plaintiff questioned whether a certain point had been fully covered. Thereupon the court re-read its charge on that point. Later the jury returned and asked for further instructions on the same subject, and the court again explained the law on that subject in substantially the same form as before. A verdict was returned for the plaintiff. The Railway Company prosecuted error claiming that the court erred in submitting the above mentionel statute to the jury, complained of the repetition of portions of the charge, and also claimed that the verdict was against the evidence. In sustaining the lower court, the Appellate Court held:

1. As the court, upon discovery of the mistake that the statute did not apply, withdrew it from the jury and clearly explained that sluch statute had no application, no prejudicial error occurred.

2. The Railway Company was not prejudiced by the repetition of parts of the charge.

3. Where there is credible evidence supporting a verdict, a reviewing court will not set it aside as being clearly unsupported by the evidence.

Attorneys—Tolles, Hogsett, Ginn & Morley, for Street Car Co.; Klein and Harris, for defendants.